# UNITED STATES DISTRICT COURT
## District of New Jersey

UNITED STATES OF AMERICA

v.  Case Number   Cr.03-228-02(FLW)

LEONARD PAULK

Defendant.

## JUDGMENT IN A CRIMINAL CASE
(For Offenses Committed On or After November 1, 1987)

The defendant, LEONARD PAULK, was represented by Christopher Warren, Esq. & Peter Goldberger, Esq.

The defendant was found not guilty on count 4, and is discharged as to such count.

The jury reached no verdict on count(s) 9, 10, 11 & 12 and these counts were dismissed at the time of sentencing.

The defendant was found guilty on count(s) 1 & 3 by a jury verdict on 11-30-04 after a plea of not guilty. Accordingly, the court has adjudicated that the defendant is guilty of the following offense(s):

| Title & Section | Nature of Offense | Date of Offense | Count Number(s) |
|---|---|---|---|
| 21:846 21:841(a)(1)and 841(b)(1)(A) | Conspiracy to Possess w/Intent to Distribute One Kilogram or More of Heroin, Five Kilograms or More of Cocaine and 50 Grams or More of Cocaine Base | October 2000 to March 2003 | One |
| 21:941(a)and(b)(1)(A) | Knowingly & Intentionally Distribute and Possess w/Intent to Distribute 115.4 Grams of Cocaine Base | May 15, 2002 | Three |

As pronounced on December 19, 2005, the defendant is sentenced as provided in pages 2 through 5 of this Judgment. The sentence is imposed pursuant to the Sentencing Reform Act of 1984.

It is ordered that the defendant shall pay to the United States a special assessment of $100.00, for count(s) One & Three, for a total special assessment of $200.00, which shall be due immediately. Said special assessment shall be made payable to the Clerk, U.S. District Court.

It is further ordered that the defendant shall notify the United States Attorney for this district within 30 days of any change of name, residence, or mailing address until all fines, restitution, costs, and special assessments imposed by this Judgment are fully paid. If ordered to pay restitution, the defendant shall notify the court and United States Attorney of any material change in the defendant's economic circumstances.

Signed this the 19TH day of December, 2005.

FREDA L. WOLFSON
United States District Judge

Defendant: LEONARD PAULK
Case Number: Cr.03-228-02(FLW)

## IMPRISONMENT

The defendant is hereby committed to the custody of the United States Bureau of Prisons to be imprisoned for a term of LIFE on each of Counts One and Three, both counts to be served concurrently.

The defendant shall remain in custody pending service of sentence.

## RETURN

I have executed this Judgment as follows:

_____
_____
_____

At _____ Defendant delivered on _____ To _____, with a certified copy of this Judgment.

United States Marshal

By _____
Deputy Marshal

Judgment – Page 3 of 5

Defendant:     LEONARD PAULK
Case Number:   Cr.03-228-02(FLW)

## SUPERVISED RELEASE

Upon release from imprisonment, the defendant shall be placed on supervised release for a term of 8 years. This term consists of terms of eight(8) years on each of Counts One and Three, all such terms to run concurrently.

Within 72 hours of release from custody of the Bureau of Prisons, the defendant shall report in person to the Probation Office in the district to which the defendant is released.

While on supervised release, the defendant shall comply with the standard conditions that have been adopted by this court (on the next page).

The defendant shall submit to one drug test within 15 days of commencement of supervised release and at least two tests thereafter as determined by the probation officer.

If this judgment imposes a fine, special assessment, costs, or restitution obligation, it shall be a condition of supervised release that the defendant pay any such fine, assessments, costs, and restitution that remains unpaid at the commencement of the term of supervised release and shall comply with the following special conditions:

The defendant shall provide the U.S. Probation Office with full disclosure of his financial records to include yearly income tax returns upon the request of the U.S. Probation Office. The defendant shall cooperate with the probation officer in the investigation of his financial dealings and shall provide truthful monthly statements of his income.

The defendant shall cooperate in the collection of DNA as directed by the probation officer.

AO 245 B (Rev. 12/03) Sheet 3 - Supervised Release

Defendant:     LEONARD PAULK
Case Number:   Cr.03-228-02(FLW)

SUPERVISED RELEASE

Upon release from imprisonment, the defendant shall be placed on supervised release for a term of 8 years. This term consists of terms of eight(8) years on each of Counts One and Three, all such terms to run concurrently.

Within 72 hours of release from custody of the Bureau of Prisons, the defendant shall report in person to the Probation Office in the district to which the defendant is released.

While on supervised release, the defendant shall comply with the standard conditions that have been adopted by this court (on the next page).

Defendant: LEONARD PAULK
Case Number: Cr.03-228-02(FLW)

## STANDARD CONDITIONS OF SUPERVISED RELEASE

While the defendant is on supervised release pursuant to this Judgment:

1) The defendant shall not commit another federal, state, or local crime during the term of supervision.

2) The defendant shall not illegally possess a controlled substance.

3) If convicted of a felony offense, the defendant shall not possess a firearm or destructive device.

4) The defendant shall not leave the judicial district without the permission of the court or probation officer.

5) The defendant shall report to the probation officer as directed by the court or probation officer and shall submit a truthful and complete written report within the first five days of each month.

6) The defendant shall answer truthfully all inquiries by the probation officer and follow the instructions of the probation officer.

7) The defendant shall support his or her dependents and meet other family responsibilities.

8) The defendant shall work regularly at a lawful occupation unless excused by the probation officer for schooling, training, or other acceptable reasons.

9) The defendant shall notify the probation officer within seventy-two hours of any change in residence or employment.

10) The defendant shall refrain from excessive use of alcohol and shall not purchase, possess, use, distribute or administer any narcotic or other controlled substance, or any paraphernalia related to such substances.

11) The defendant shall not frequent places where controlled substances are illegally sold, used, distributed, or administered.

12) The defendant shall not associate with any persons engaged in criminal activity, and shall not associate with any person convicted of a felony unless granted permission to do so by the probation officer.

13) The defendant shall permit a probation officer to visit him or her at any time at home or elsewhere and shall permit confiscation of any contraband observed in plain view by the probation officer.

14) The defendant shall notify the probation officer within seventy-two hours of being arrested or questioned by a law enforcement officer.

15) The defendant shall not enter into any agreement to act as an informer or a special agent of a law enforcement agency without the permission of the court.

16) As directed by the probation officer, the defendant shall notify third parties of risks that may be occasioned by the defendant's criminal record or personal history or characteristics, and shall permit the probation officer to make such notifications and to confirm the defendant's compliance with such notification requirement.

---

*For Official Use Only - - - U.S. Probation Office*

Upon a finding of a violation of probation or supervised release, I understand that the Court may (1) revoke supervision or (2) extend the term of supervision and/or modify the conditions of supervision.

These conditions have been read to me. I fully understand the conditions, and have been provided a copy of them.

You shall carry out all rules, in addition to the above, as prescribed by the Chief U.S. Probation Officer, or any of his associate Probation Officers.

(Signed) _____
Defendant                             Date

_____
U.S. Probation Officer/Designated Witness    Date


Judgment – Page 5 of 5

Defendant: LEONARD PAULK
Case Number: Cr.03-228-02(FLW)

**FINE**

The defendant shall pay a fine of $15,000.00.

This amount is the total of the fines imposed on individual counts, as follows: $7,500.00 on count One, and $7,500.00 on count Three.
The interest requirement is waived.

If the fine is not paid, the court may sentence the defendant to any sentence which might have been originally imposed. See 18 U.S.C. § 3614.

Unless the court has expressly ordered otherwise, if this judgment imposes imprisonment, payment of criminal monetary penalties is due during imprisonment. All criminal monetary penalties, except those payments made through the Federal Bureau of Prisons' Inmate Financial Responsibility Program, are made to the clerk of the court.

Payments shall be applied in the following order: (1) assessment, (2) restitution principal, (3) restitution interest, (4) fine principal, (5) community restitution, (6) fine interest, (7) penalties, and (8) costs, including cost of prosecution and court costs.

AO 245 B (Rev. 12/03) Sheet 5 - Fine

Judgment – Page 5 of 5

Defendant: LEONARD PAULK
Case Number: Cr.03-228-02(FLW)

**FINE**