## UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF NEW JERSEY

UNITED STATES OF AMERICA,

v.

LEONARD PAULK,

                Defendant.

Case No. 03-cr-228 (FLW)

*Document Filed Electronically*

---

## MEMORANDUM OF LAW IN SUPPORT OF DEFENDANT LEONARD PAULK'S MOTION FOR A RESENTENCING UNDER SECTION 404 OF THE FIRST STEP ACT

---

**GIBBONS P.C.**
One Gateway  Center
Newark, New Jersey 07102-5310
(973) 596-4500

*Attorneys for Defendant*
*Leonard Paulk*

*On the brief:*
Lawrence S. Lustberg, Esq.
Kate E. Janukowicz, Esq.

# **TABLE OF CONTENTS**

TABLE OF AUTHORITIES ....................................................................... ii

INTRODUCTION ...................................................................................1

I. Mr. Paulk's Original Sentence.............................................................2

II. Sentencing Reform Under the Fair Sentencing Act and the First Step Act.........3

    A. The Fair Sentencing Act of 2010 ..............................................4

    B. The First Step Act of 2018 ......................................................5

III. Mr. Paulk is Eligible For a Sentence Reduction Under Section 404 of the   First Step Act .......................................................................................7

IV. Mr. Paulk's Life Sentence Should be Vacated and he Should be Granted a Resentencing With Full Consideration of the 3553 Factors .............................9

    A. A Plenary Resentencing Hearing With Consideration of the Section 3553 Factors is Appropriate Here .................................................9

    B. The Third Circuit and Other Courts Have Remanded For or Held *De Novo* Resentencing Hearings ..........................................................13

CONCLUSION .....................................................................................17

i

## TABLE OF AUTHORITIES

**Page(s)**

**Cases**

*Dorsey v. United States*,
   567 U.S. 260 (2012)............................................................................3, 4, 5

*Pepper v. United States*,
   562 U.S. 476 (2011)................................................................................10

*United States v. Allen*,
   2019 WL 1877072 (D. Conn. Apr. 26, 2019)..........................................3

*United States v. Ancrum*,
   No. 02-CR-30020,
   2019 WL 2110589 (W.D. Va. May 14, 2019)........................................14

*United States v. Boulding*,
   -- F. Supp. 3d --,
   2019 WL 2135494 (W.D. Mich. May 16, 2019) ..................................6, 9

*United States v. Christie*,
   736 F.3d 191 (2d Cir. 2013) ..................................................................14

*United States v. Cruz*,
   470 F. App'x 91 (3d Cir. 2012) ..............................................................13

*United States v. Dixon*,
   648 F.3d 195 (3d Cir. 2011) .....................................................................5

*United States v. Green*,
   98-CR-5067 (W.D. Wash. Apr. 24, 2019)..............................................15

*United States v. Metro*,
   882 F.3d 431 (3d Cir. 2018) ...................................................................15

*United States v. Powell*,
   360 F. Supp. 3d 134 (N.D.N.Y. 2019).............................................10, 14

*United States v. Rhines*,
   No. 01-CR-310 (M.D. Pa. June 3, 2019)...........................................11, 15

*United States v. Rose*,
    -- F. Supp. 3d --,
    2019 WL 2314479 (S.D.N.Y. May 24, 2019) ........................................10, 11, 14

*United States v. Rowe*,
    919 F.3d 752 (3d Cir. 2019) ............................................................................15

*United States v. Self*,
    681 F.3d 190 (3d Cir. 2012) .............................................................................13

*United States v. Simons*,
    -- F. Supp. 3d --,
    2019 WL 1760840 (E.D.N.Y. Apr. 22, 2019) ............................................*passim*

*United States v. Smith*,
    No. 04-CR-72, 2019 WL 2092581 (W.D. Va. May 13, 2019)............................8

*United States v. Spearman*,
    913 F.3d 958 (9th Cir. 2019) ...........................................................................14

*United States v. Tucker*,
    356 F. Supp. 3d 808 (S.D. Iowa 2019) ..............................................................6

*United States v. Welch*,
    No. 10-CR-54, 2019 WL 2092580 (W.D. Va. May 13, 2019)............................9

## Statutes

18 U.S.C. § 851(a)(1)...........................................................................................2

18 U.S.C. § 1957 ..................................................................................................2

18 U.S.C. § 3553(a) .................................................................................2, 9, 12, 15

18 U.S.C. § 3582(c)(1)(B) ....................................................................................6

21 U.S.C. § 841 ...........................................................................................*passim*

21 U.S.C. § 846 ....................................................................................................2

Fair Sentencing Act of 2010, Pub. L. No. 111-220, 124 Stat. 2372
    (2010)..................................................................................................*passim*

First Step Act of 2018, Pub. L. No. 115-391, 132 Stat. 5194 (2018)..............*passim*

**Other Authorities**

Federal Rule of Criminal Procedure 32(i) .............................................................16

Hon. Robin Rosenberg, *In '99 He Was Sentenced to Life. Twenty Years Later, I Set Him Free,* N.Y. Times (July 18, 2019), *available at* https://www.nytimes.com/2019/07/18/opinion/prison-drugs-freedom.html?smid=nytcore-ios-share&login=email&auth=login-email ...............................................................15

RJ Vogt, *In First Step's Wake, States Tinker With Mandatory Minimums,* Law360 (July 21, 2019), *available at* https://www.law360.com/access-to-justice/articles/1180305/in-first-step-s-wake-states-tinker-with-mandatory-minimums?nl_pk=36a17edf-8355-4443-b033-155808ab4f6&utm_source=newsletter&utm_medium=email&utm_campaign=access-to-justice&read_more=1 .......................................9

Nicholas Fandos, *Senate Passes Bipartisan Criminal Justice Bill,* N.Y. Times, Dec. 18, 2018 ................................................5

Shaila Dewan & Alan Binder, *Just How Much of an Overhaul Is This Overhaul of the Nation's Criminal Justice System?* N.Y. Times, Nov. 26, 2018...............................................12

*Special Edition – First Step Act* (Feb. 2019)*, available at* https://www.ussc.gov/sites/default/files/pdf/training/newsletters ......................10

United States Sentencing Commission, Office of Education & Sentencing Practice Newsletter, *Special Edition – First Step Act* (Feb. 2019)*, available at* https://www.ussc.gov/sites/default/files/pdf/training/newsletters/2019-special_FIRST-STEP-Act.pdf ...............................10

U.S.S.G. § 6A1.3...............................................15

## INTRODUCTION

Leonard Paulk, who is currently serving a life sentence for distributing and conspiring to distribute crack cocaine, respectfully submits this brief in support of his motion for a reduced sentence under the First Step Act of 2018.  This motion, like many others being filed across the country, invites the Court to revisit and remedy the harshness of a then-mandatory sentence through application of Section 404 of the First Step Act.  That provision expressly authorizes district courts to reduce sentences for crack cocaine convictions where the statutory penalty provisions of the Fair Sentencing Act of 2010 would have applied had that Act been in effect at the time of the original sentence.  This motion serves to further the goals of both the First Step Act and the Fair Sentencing Act which favor imposing shorter sentences for drug crimes, reducing the sentencing disparity between crack and powder cocaine offenses and sending fewer people to prison.

Mr. Paulk was convicted in 2004 of distributing and conspiring to distribute crack cocaine in violation of 21 U.S.C. §§ 841(a)(1)(A) and 846.  [ECF Nos. 315, 316]  For these convictions, in 2005, the Court sentenced Mr. Paulk to serve concurrent life sentences.  [ECF Nos. 356, 359]  The Fair Sentencing Act's reduced penalty structure would have applied to Mr. Paulk's convictions had that Act been in effect at the time.  Accordingly, this case falls squarely within the mandate of Section 404 of the recently enacted First Step Act and the Court therefore can and

should impose a new and lesser sentence upon Mr. Paulk.  Of course, the ultimate sentence to be imposed will be up to the Court.  But now that Congress has rescinded his mandatory punishment and given this Court the authority to revisit his sentence, Mr. Paulk must at least be given the chance to address the court, present testimony (if necessary), and argue those considerations that are relevant under the Fair Sentencing Act's penalty structure and Section 3553(a).

## I.  Mr. Paulk's Original Sentence

In September 2004, Mr. Paulk was tried along with three others before this Court and a jury.  On November 30, 2004, the jury found Mr. Paulk guilty of conspiracy to distribute crack cocaine in violation of 21 U.S.C. § 846 (Count 1) and distributing crack cocaine in violation of 21 U.S.C. §§ 841(a) and (b)(1)(A) (Count 3).  [ECF No. 359 (Amended Judgment)][1]  Following the jury's verdict, and in advance of Mr. Paulk's sentencing, the Government filed an Enhanced Penalty Information under 18 U.S.C. § 851(a)(1), based upon two prior felony drug convictions.  Mr. Paulk was sentenced on December 19, 2005.  During his sentencing, this Court found that Mr. Paulk's total offense level was a 44 (base offense level of 38 [Sentencing Tr. at 16:5-9] plus firearm [*id.* at 22:15-23:2] and

---

[1] The jury found Mr. Paulk not guilty or was hung as to other counts at issue, which charged distribution of cocaine in violation of 21 U.S.C. §§ 841(a) & (b)(1)(B) (Count 4), and money laundering in violation of 18 U.S.C. § 1957 (Counts 9 through 12).  *See* ECF No. 359 [Amended Judgment].

leadership role [*id.* at 23:18-23] enhancements) with a criminal history category of 3, bringing the guideline range to life, *id.* at 25:9-13.  In imposing Mr. Paulk's life sentence, the Court recognized that "in this case there is no discretion . . . the sentence is as it is."  *See id.* at 74:4-5; *see also id.* at 78:19-21 ("based upon the jury's findings, and Congress' determination that for this kind of crime, a life sentence is what's appropriate").

## II.  Sentencing Reform Under the Fair Sentencing Act and the First Step Act

Following Mr. Paulk's sentencing in 2005, Congress passed and President Obama signed the Fair Sentencing Act of 2010, which amended and eliminated the statutory penalty scheme that mandated a life sentence in this case.  However, because the Fair Sentencing Act did not apply retroactively, *see Dorsey v. United States,* 567 U.S. 260, 281 (2012), Mr. Paulk was not entitled to seek relief under the reformed penalty structure.  This changed with enactment of the First Step Act on December 21, 2018.  Seeking to further "the Fair Sentencing Act's objective of mitigating the effects of a sentencing scheme that had a racially disparate impact," the First Step Act permits district courts to reduce sentences, like Mr. Paulk's, which were subject to mandatory minimums that have since been amended by the Fair Sentencing Act.  *United States v. Allen,* 2019 WL 1877072, at *2-3 (D. Conn. Apr. 26, 2019).

## A.      The Fair Sentencing Act of 2010

The Fair Sentencing Act, enacted in August 2010, *see* Pub. L. No. 111-220, 124 Stat. 2372 (2010), reformed a penalty structure for crack cocaine offenses that was considered by many to be overly harsh and to have a disparate, and draconian, impact on African-American defendants.  *See Dorsey,* 567 U.S. at 268 (2012) (recognizing that in enacting the Fair Sentencing Act, Congress sought to address the disparity between the treatment of powder and crack cocaine because "research showed the relative harm between crack and powder cocaine less severe than 100-to-1, because sentences embodying that ratio could not achieve the Sentencing Reform Act's 'uniformity' goal of treating like offenders alike, because they could not achieve the 'proportionality' goal of treating different offenders (*e.g.*, major drug traffickers and low-level dealers) differently, and because the public had come to understand sentences embodying the 100-to-1 ratio as reflecting unjustified race-based differences."). The Fair Sentencing Act lowered the statutory penalties for some offenses involving crack cocaine, reducing the sentencing disparity between crack and powder cocaine from 100:1 to 18:1.  *See* Pub. L. No. 111-220, 124 Stat. 2372 (2010).  Thus, section 2 of the Fair Sentencing Act changed the penalty scheme for cocaine base offenses as follows:

> The amount of crack cocaine required to trigger a five-year
> mandatory minimum sentence was increased from 5 grams
> to 28 grams, 21 U.S.C. § 841(b)(1)(B)(iii); and

> The amount of crack cocaine required to trigger a ten-year
> mandatory minimum sentence was increased from 50 to
> 280 grams, 21 U.S.C. § 841(b)(1)(A)(iii).

*Id.* at 2372; *see Dorsey,* 567 U.S. at 269.   Section 3 eliminated the mandatory

minimum sentence for simple possession of crack cocaine.   Pub. L. No. 111-220, §

3, 124 Stat. 2372 (2010).

As noted above, the Fair Sentencing Act did not apply retroactively, leaving

intact many unjust sentences that were imposed from 1986 through 2010 under the

pre-Fair Sentencing Act penalty structure.  *See Dorsey,* 567 U.S. at 281 (holding that

the Fair Sentencing Act applied to any defendant sentenced on or after August 3,

2010, regardless of when the offense occurred); *see also United States v. Dixon,* 648

F.3d 195 (3d Cir. 2011).

### B.      The First Step Act of 2018

Following the Fair Sentencing Act, the First Step Act of 2018 "ushered in

small changes to the tough-on-crime prison and sentencing laws of the 1980s and

1990s that led to an explosion in federal prison populations and costs."  *United States*

*v. Simons,* -- F. Supp. 3d --, 2019 WL 1760840, at *4 (E.D.N.Y. Apr. 22, 2019)

(citing Nicholas Fandos, *Senate Passes Bipartisan Criminal Justice Bill,* N.Y.

Times, Dec. 18, 2018) ("The Senate overwhelmingly approved on Tuesday the most

substantial changes in a generation to the tough-on crime prison and sentencing laws

that ballooned the federal prison population and created a criminal justice system

that many viewed as costly and unfair.")); *see also United States v. Boulding,* -- F. Supp. 3d at --, 2019 WL 2135494, at *6 (W.D. Mich. May 16, 2019) (quoting *United States v. Tucker,* 356 F. Supp. 3d 808, 810 (S.D. Iowa 2019) ("noting that the First Step Act was enacted 'in an effort to remedy the disproportionately harsh sentences imposed for crack cocaine offenses' and to reduce the sentences of career offenders" and recognizing that "career offenders [who] were . . . ineligible for relief in earlier rounds now have an opportunity to obtain relief under the First Step Act even though their technical guideline range remains unaffected.")).

Importantly, and as relevant to the instant motion, Section 404 of the First Step Act makes retroactive those reforms that had been enacted by the Fair Sentencing Act. Thus, "[i]t allows courts to impose reduced sentences on any prisoner who is still serving a sentence for a 'covered offense' if that sentence was imposed before the Fair Sentencing Act's penalty structure applied." *Simons,* -- F. Supp. 3d at --, 2019 WL 1760840, at *4 (citing First Step Act of 2018, Pub. L. No. 115-391, § 404, 132 Stat. 5194, 5222 (2018) (enacted but not yet codified)).[2] More specifically, Section 404(b) provides:

> DEFENDANTS PREVIOUSLY SENTENCED – A court that imposed a sentence for a covered offense may, on motion of the defendant, the Direct of the Bureau of Prisons, the attorney for the Government, or the court,

---

[2] *See also Boulding,* -- F. Supp. 3d at --, 2019 WL 2135494, at *6 (noting that "[t]he Court's authority to impose a modified sentence under the First Step Act is rooted in 18 U.S.C. § 3582(c)(1)(B).").

> impose a reduced sentence as if sections 2 and 3 of the Fair
> Sentencing Act of 2010 . . . were in effect at the time the
> covered offense was committed.

A "covered offense" is defined in Section 404(a) as "a violation of a Federal criminal statute, the statutory penalty for which were modified by section 2 or 3 of the Fair Sentencing Act of 2010 . . . that was committed before August 3, 2010." *Id.,* § 404(a).

## III. Mr. Paulk is Eligible For a Sentence Reduction Under Section 404 of the First Step Act

Mr. Paulk is eligible for relief under the First Step Act. *First,* Mr. Paulk's drug convictions are "covered offenses" under Section 404(a) of the First Step Act. First Step Act of 2018, Pub. L. No. 115-391, § 404(a), 132 Stat. 5194, 5222 (2018). More specifically, he was convicted of violating 21 U.S.C. §§ 841(a) and (b)(1)(A), for which the statutory penalties were modified by the Fair Sentencing Act, revising upward the amount of crack cocaine that would trigger a mandatory life sentence under 21 U.S.C. § 841(b)(1)(A)(iii), from 50 grams to 280 grams.  Because Mr. Paulk was convicted of distributing 115.4 grams of crack cocaine [ECF No. 359 – Amended Judgment], if he had been sentenced after the Fair Sentencing Act was enacted, he would have been sentenced under 21 U.S.C. § 841(b)(1)(B)(iii) which mandates a penalty of ten (10) years to life, given Mr. Paulk's prior record.

*Second,* Mr. Paulk was sentenced in December 2005, five years before the Fair Sentencing Act's new penalty scheme was enacted. *See id.* § 404(b); *see also Simons,* -- F. Supp. 3d at --, 2019 WL 1760840, at *4 (recognizing that Section 404

7

"allows courts to impose reduced sentences on any prisoner who is still serving a sentence for a 'covered offense' if that sentence was imposed before the Fair Sentencing Act's penalty structure applied."). On this basis too, he is eligible for a Section 404 sentence reduction under the Fair Sentencing Act's modified penalty scheme.

*Finally,* neither of the statute's limitations apply. *See id.* § 404(c) (stating that courts shall not entertain a Section 404 motion if the movant's sentence was previously reduced under the Fair Sentencing Act or if a 404 motion was already made and denied). Thus, Mr. Paulk continues to serve a sentence that has not already been reduced to post-Fair Sentencing Act levels and has made no prior motion for reduction of sentence since the First Step Act was enacted.

Accordingly, pursuant to the provisions of the Fair Sentencing Act of 2010, made retroactive by Section 404 of the First Step Act of 2018, Mr. Paulk is no longer subject to a mandatory minimum sentence of life on Counts 1 and 3. Accordingly, the term of imprisonment for his convictions may, in the Court's discretion, be reduced under Section 841(b)(1)(B). *See, e.g., United States v. Manigault,* D.S.C. Dkt. No. 95-cr-488, ECF No. 911 (July 1, 2019) (reducing defendant's life sentence to time served under the First Step Act); *United States v. Smith,* No. 04-CR-72, 2019 WL 2092581, at *6 (W.D. Va. May 13, 2019) (reducing defendant's sentence from 262 months to 188 months under the First Step Act); *United States v. Welch,* No. 10-

CR-54, 2019 WL 2092580, at *5 (W.D. Va. May 13, 2019) (granting defendant's motion under the First Step Act and reducing his sentence to time served); *Boulding,* -- F. Supp. 3d --, 2019 WL 2135494, at *8 (reducing defendant's life sentence under the First Step Act); *see also* RJ Vogt, *In First Step's Wake, States Tinker With Mandatory Minimums,* Law360 (July 21, 2019), *available at* https://www.law360.com/access-to-justice/articles/1180305/in-first-step-s-wake-states-tinker-with-mandatory-minimums?nl_pk=36a17edf-8355-4443-b033-155808ab4f6&utm_source=newsletter&utm_medium=email&utm_campaign=access-to-justice&read_more=1 (last accessed July 23, 2019) (noting that "3,100 federal prisoners were due to be released on Friday thanks to [the First Step Act]'s passage.").

## IV.   Mr. Paulk's Life Sentence Should be Vacated and he Should be Granted a Resentencing With Full Consideration of the 3553 Factors

### A.   A Plenary Resentencing Hearing With Consideration of the Section 3553 Factors is Appropriate Here

The United States Sentencing Commission has provided guidance with regard to the relief that follows in circumstances such as these, making clear that "[c]ourts will have to decide whether a resentencing under the Act is a plenary resentencing proceeding or a more limited resentencing" and stating that "[i]n either instance, the [First Step] Act made no changes to 18 U.S.C. § 3553(a), so the courts should consider the guidelines and policy statements, along with other 3553(a) factors,

during the resentencing." *See* United States Sentencing Commission, Office of Education & Sentencing Practice Newsletter, *Special Edition – First Step Act* (Feb. 2019)*, available at* https://www.ussc.gov/sites/default/files/pdf/training/newsletters /2019-special_ FIRST-STEP-Act.pdf at p. 8.  Courts have followed this direction, considering all of the nature and circumstances of the offense and history and characteristics of the defendant, including holding that "the First Step Act authorizes the Court to re-evaluate 3553(a) factors in light of post-sentencing factual developments." *United States v. Rose,* -- F. Supp. 3d --, 2019 WL 2314479, at *5 (S.D.N.Y. May 24, 2019); *see also United States v. Powell,* 360 F. Supp. 3d 134, 140 (N.D.N.Y. 2019) (considering defendant's rehabilitation and disciplinary history); *Simons,* -- F. Supp. 3d at --, 2019 WL 1760840, at *7 (considering defendant's educational record and family ties).   Indeed, courts engaging in resentencing under the First Step Act have considered any and all relevant information in fulfilling their re-sentencing function, given the Supreme Court's recognition that "sentencing judges exercise a wide discretion in the types of evidence they may consider when imposing sentence and that highly relevant – if not essential – to the selection of an appropriate sentence is the possession of the fullest information possible concerning the defendant's life and characteristics." *Rose,* 2019 WL 2314479, at *7 (quoting *Pepper v. United States,* 562 U.S. 476, 480 (2011)).  Thus, courts have interpreted this mandate to require that "district court[s]

be able to consider the most recent evidence of a defendant's life and characteristics, which may be the most probative information available, when" resentencing under Section 404. *Id. See also United States v. Rhines,* No. 01-CR-310, ECF No. 355 (M.D. Pa. June 3, 2019) (granting defendant's motion for a resentencing hearing under Section 404 of the First Step Act and requiring the parties to file memoranda addressing the 3553(a) factors, "as well as any post-sentencing rehabilitation efforts of the Defendant."); *Rose,* -- F. Supp. 3d at --, 2019 WL 2314479, at *10 (permitting the parties to submit memoranda including reference to disciplinary, employment and educational records from the Bureau of Prisons).

The results have been dramatic.  In *Simons,* for example, the court (Weinstein, J.), reduced the defendant's sentence to time served, given that "[h]is behavior while in custody [was] relatively benign," and because defendant took "substantial steps during his period of incarceration to achieve the rehabilitative goals sought by the original sentence imposed [by], attending prison courses[,] . . . obtain[ing] his GED[,] . . . completing vocational and educational courses . . . [and] several drug education and treatment programs[,] . . . and maintain[ing] close relationships with his family while in custody."  In doing so, the court specifically relied upon Congress's intention in enacting both the Fair Sentencing Act and the First Step Act:

> In imposing a reduction of defendant's sentence, this court
> considered Congress's intention, first with the Fair
> Sentencing Act of 2010 and now with the First Step Act of
> 2018, to limit government spending on incarceration and

to decrease the number of inmates in federal custody. *See* 18 U.S.C. § 3553(a)(5). Public safety is not served by a defendant spending more time in prison than necessary. An overly harsh sentence may prove counterproductive increasing a defendant's likelihood to recidivate. *See* Shaila Dewan & Alan Binder, *Just How Much of an Overhaul Is This Overhaul of the Nation's Criminal Justice System?* N.Y. Times, Nov. 26, 2018). The money is costs to keep defendant behind bars can be better spent on other means of crime control and prevention. *See* H.R. Rep. No. 115-699, at 23 (2018).

*Simons,* -- F. Supp. 3d at --, 2019 WL 1760840, at \*8.

A reduction in Mr. Paulk's sentence is similarly warranted based on the substantial steps he has taken during his period of incarceration to rehabilitate and better himself. Thus, a complete review of Mr. Paulk's institutional record will show, for example, that Mr. Paulk has an excellent institutional record, including that he has obtained his GED and completed dozens of skill-building and vocational programs such as financial planning, lifeskills and development, restaurant training and parenting courses. As well, the full consideration of Mr. Paulk's circumstances—whether through letters and other information submitted by the defense, or though the vehicle of an updated Presentence Report—will show that Mr. Paulk has maintained a close and supportive relationship with his family and friends (all of whom have stood by him) while in custody; letters from them will likewise demonstrate the extent to which he accepts responsibility for his wrongdoing, has begun a genuine process of rehabilitation, and is now extremely

unlikely to recidivate.  For these reasons, and for others that can be explored more comprehensively if the Court allows, Mr. Paulk respectfully requests that the Court order a plenary re-sentencing, including allowing for the preparation, if the Court wishes, of an updated Presentence Report, the submission of sentencing memoranda by the parties and, if necessary, the taking of evidence.

### B.     The Third Circuit and Other Courts Have Remanded For or Held *De Novo* Resentencing Hearings

Mr. Paulk's request for a plenary resentencing, as set forth above, does not seek to break new ground.  To the contrary, the Third Circuit has long remanded cases for resentencing where, as here, the penalty structure of the statue of conviction changed.  For example, in cases that were on appeal when the Fair Sentencing Act was enacted, the Court of Appeals remanded for resentencing hearings. *See, e.g., United States v. Self,* 681 F.3d 190, 202-03 (3d Cir. 2012) (finding that the district court erred in not sentencing defendant under the Fair Sentencing Act and mandating that the appropriate remedy was to vacate the defendant's sentence "and remand the case for a *de novo* resentencing proceeding."); *accord United States v. Cruz,* 470 F. App'x 91, 94 (3d Cir. 2012) (remanding so that the defendant "may be resentenced in accordance with the FSA").  Courts have also made clear that the "need for at least some statement of reasons [in support of sentencing] is fully applicable in the context of a motion for a sentence reduction," because "[l]ike the initial sentencing decision, resolution of a sentence reduction motion is a discretionary decision

regarding the defendant's fundamental liberty interests, which is subject to appellate review." *United States v. Christie,* 736 F.3d 191, 196 (2d Cir. 2013).   And this principle has been applied to the First Step Act as well.   *See United States v. Spearman,* 913 F.3d 958 (9th Cir. 2019) (remanded a case for resentencing based on Section 404 of the First Step Act).

Thus, district courts addressing motions under Section 404 have conducted full resentencing hearings, like that sought here.   *See, e.g., Powell,* 360 F. Supp. 3d at 135 (considering a Section 404 motion, noting that the defendant was present in the courtroom at the court's discretion for "this important proceeding" and "following oral argument by counsel, . . . Defendant Powell was provided an opportunity to speak and then re-sentenced under the First Step Act of 2018."); *Simons, supra,* at E.D.N.Y. Case No. 07-CR-874, ECF No. 750 (setting defendant's re-sentencing and ordering that Probation "promptly submit a supplement to the Presentence Investigation Report addressing any issues relevant to sentencing when defendant was in prison."); *Rose,* -- F. Supp. 3d at --, 2019 WL 2314479, at *10 (reviewing supplemental presentence reports and allowing the parties to submit memoranda including reference to disciplinary, employment and educational records from the Bureau of Prisons); *United States v. Ancrum,* No. 02-CR-30020, 2019 WL 2110589, at *5 (W.D. Va. May 14, 2019) (reducing defendant's sentence after reviewing supplemental PSR and evidence submitted by defendant including

disciplinary history and "statements from family members, including his wife, mother, and a long-time family friend, all of whom stated that they have seen him change and grow while incarcerated, and believe he will abide by the law and contribute positively to society if released from custody."); *United States v. Green*, 98-CR-5067 (W.D. Wash. Apr. 24, 2019) (granting a plenary resentencing under Section 404 of the First Step Act); *United States v. Rhines,* No. 01-CR-310, ECF No. 355 (M.D. Pa. June 3, 2019) (granting resentencing under Section 404(b); ordering Probation to issue an addendum to the Presentence Report and allowing the parties to file "memoranda addressing the 18 U.S.C. § 3553(a) factors, as well as any post-sentencing rehabilitation efforts of the Defendant."); *see also* Hon. Robin Rosenberg, *In '99 He Was Sentenced to Life. Twenty Years Later, I Set Him Free,* N.Y. Times (July 18, 2019), *available at* https://www.nytimes.com/2019/07/18/opinion/prison-drugs-freedom.html?smid=nytcore-ios-share&login=email&auth=login-email (last accessed July 23, 2019) (Opinion by Judge Robin Rosenberg, U.S. Dist. Ct., S.D. Fla.) (explaining that she reduced defendant's sentence from life to time served after holding sentence reduction hearing and considering defendant's post-incarceration conduct: "The true marker of a person's character is what he does when he thinks no one is watching. Because Mr. Potts was sentenced to life, no one had really been looking at what he had been doing. But his unwavering dedication

to improve himself over the last two decades, despite his circumstances, convinced me that his hope in his own future wasn't misplaced.").

This Court should do the same, by scheduling a sentencing hearing, allowing the parties to bring such matters to the Court's attention as may be relevant to re-sentencing, including setting a briefing schedule by which they should do so, requiring that the United States Probation Office file a supplement to the Presentence Report if it believes that would be helpful, and holding a sentencing hearing at which appropriate presentations may be made, evidence presented if necessary to resolve disputed facts, *see* U.S.S.G. § 6A1.3, and Mr. Paulk may be heard. *See United States v. Rowe,* 919 F.3d 752, 762 n. 8 (3d Cir. 2019) (recognizing that in calculating the Guideline range, "a district court may consider 'largely unlimited' sources of evidence"); *United States v. Metro,* 882 F.3d 431, 441 (3d Cir. 2018) (noting that a district court must "resolve disputed sentencing factors at a sentencing hearing in accordance with Federal Rule of Criminal Procedure 32(i).").

## <u>CONCLUSION</u>

For the foregoing reasons, Mr. Paulk respectfully requests that the Court grant his motion under Section 404 of the First Step Act and schedule a briefing schedule and then a hearing at which Mr. Paulk, and the Government, can address the relevant factors that may inform this Court's sentencing determination.

Dated:        July 23, 2019                          Respectfully submitted,

By:  <u>s/ Lawrence S. Lustberg</u>
     Lawrence S. Lustberg, Esq.
     **GIBBONS P.C.**
     One Gateway Center
     Newark, New Jersey 07102
     (p) (973)596-4500
     llustberg@gibbonslaw.com